## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **CYNTHIA M. ERICKSON,** | Civ. No. 19-13641 (KM) (JBC) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **TD BANK, BERMITA MIMS HARWOOD** | |
| **Defendants.** | |

**KEVIN MCNULTY, U.S.D.J.:**

The plaintiff, Cynthia Erickson, filed this action against TD Bank and Bermita Mims Harwood. [1] (Compl. 1) For the reasons explained below, the Complaint in this matter (DE 1) will be dismissed on *in forma pauperis* ("IFP") screening for failure to state a claim, without prejudice.

### I.    Summary

Erickson filed the Complaint on June 11, 2019. (Compl.) On June 24, 2019, the Court granted Erickson's application to proceed IFP without payment of fees under 28 U.S.C. § 1915. (DE 2) On the same date, the Court stayed the service of summons pending an initial screening under 28 U.S.C. § 1915A. (*Id.*)

### II.    Discussion

Because the Court has granted IFP status, I am obligated to screen the allegations of the Complaint to determine whether it

(i)    is frivolous or malicious;

---

[1]    Citations to the record will be abbreviated as follows. Citations to page numbers refer to the page numbers assigned through the Electronic Court Filing system, unless otherwise indicated:

"DE" = Docket entry number in this case.

"Compl." = Complaint

> (ii)  fails to state a claim on which relief may be granted; or
>
> (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

> [T]he provisions of § 1915(e) apply to all in forma pauperis complaints, not simply those filed by prisoners. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n. 19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"). *See also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.2000)( § 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners).

*Atamian v. Burns*, 236 F. App'x 753, 755 (3d Cir. 2007). *See also Johnson v. Rihanna,* No. CV 18-448, 2018 WL 3244630, at *1 (W.D. Pa. June 13, 2018), report and recommendation adopted, No. CV 18-448, 2018 WL 3239819 (W.D. Pa. July 2, 2018).

This Complaint fails to state a claim because it reveals on its face that the Court lacks subject matter jurisdiction.

Plaintiff contends that the Complaint is within the Court's jurisdiction because she is a United States Government Plaintiff. (Compl. at 2.) She offers no allegations in support of that proposition.[2] I therefore find there is no subject matter jurisdiction on that basis.

Although Erickson does not advance diversity jurisdiction as a basis for subject matter jurisdiction in this case, I nevertheless consider it. "Where subject matter jurisdiction is based on diversity jurisdiction, each party must be of diverse citizenship from each other and the amount in controversy must exceed $75,000." *Stanley v. Lowe's Cos.*, 2020 U.S. Dist. LEXIS 56320 at *5–6 (D.N.J. Mar. 31, 2020); *see also* 28 U.S.C. § 1332(a). Erickson identifies her

---

[2] Based on Erickson's previous filings in other cases before the me, I can only assume she believes she qualifies for such jurisdiction because, according to her, she is a federally protected witness. (*See* Case No. 19-cv-13641, DE 1 at 2.) Even if that were true, such status does not permit a private individual to sue in the name of the United States government.

The complaint also recites a number of other grievances, some of which are the subject of other actions. I focus on those that appear to involve the defendant in some manner.

2

street address as P.O. Box 515, Falmouth MA, 02574. (Compl. at 1.) She is bringing a claim against TD Bank and Bernita Mims Harwood, both of whom she asserts share a street address of 271 Franklin Ave, Nutley N.J. 07110. (Compl. at 2.)

Erickson does not allege, however that she is a citizen of Massachusetts. An allegation that she possesses a post office box in that state is not sufficient.

Moreover, there is every indication that this is not a mere pleading error. Citizenship means domicile. Ms. Erickson's own allegations in her *in forma pauperis* application state that "the city and state of [her] legal residence" is Newark, New Jersey and that she is "relocating to MA 'for my safety.'" (DE 1-2 at 5.) Her *intent* to relocate to Massachusetts is insufficient to establish that, as of the date of filing of this action, she was domiciled in Massachusetts. *See McCann v. George W. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (to change domicile, an individual must "take up residence at the new domicile") (quoting *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972). That standard requires, not just that she intended to move to Massachusetts, but that she actually have done so prior to bringing her suit. *Krasnov*, 465 F.2d at 1300 ("The intention and the act must concur in order to effect such a change of domicile as constitutes a change of citizenship") (quoting *Morris v. Gilmer*, 129 U.S. 315, 328 (1889)); *see also Vaughn v. Vaughn*, 674 Fed. Appx. 145, 146 (3d Cir. 2017) ("it is the citizenship of the parties at the time the action is commenced which is controlling" so "Vaughn's mere expression of intent to take up residence in Maine, without more, is insufficient to establish his domicile there.").

For all that appears in the complaint and *in forma pauperis* application, this is a case between New Jersey residents, and diversity jurisdiction cannot apply. 28 U.S.C. § 1332(a)(1). [3]

---

[3]   That alone is sufficient to require dismissal, but I also consider the amount in controversy. Although much of the complaint appears to revolve around relatively small service charges ranging from $35 to $175, Ms. Erickson adds at one point that "$100K was stolen out of my account last year 5/2018 & it was never returned." I note

3

### III.    Conclusion

For the reasons stated above, the complaint is DISMISSED without prejudice upon initial screening pursuant to 28 U.S.C. § 1915(e). An appropriate order accompanies this opinion.

Dated: January 12, 2021

/s/ Kevin McNulty

_____

**Kevin McNulty**
**United States District Judge**

---

that, even if diverse citizenship should be established, a plausible allegation of damages in excess of $75,000 will be required as well.